UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN
GREEN BAY DIVISION

| | |
|---|---|
| Caterina Schmidt, | |
| Plaintiff, | Civil Action No.: _____ |
| v. | |
| Home Warranty Administrators, Inc dba Choice Home Warranty; and DOES 1-10, inclusive, | **COMPLAINT AND DEMAND FOR JURY TRIAL** |
| Defendants. | |

For this Complaint, the Plaintiff, Caterina Schmidt, by undersigned counsel, states as follows:

## JURISDICTION

1. This action arises out of Defendants' repeated violations of the Telephone Consumer Protection Act 47 U.S.C. § 227, *et seq.* ("TCPA").

2. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that the Defendants transact business in this District and a substantial portion of the acts giving rise to this action occurred in this District.

## PARTIES

3. The Plaintiff, Caterina Schmidt ("Plaintiff"), is an adult individual residing in Manitowoc, Wisconsin, and is a "person" as defined by 47 U.S.C. § 153(39).

4. Defendant Home Warranty Administrators, Inc dba Choice Home Warranty ("HWA"), is a New Jersey business entity with an address of 1090 King Georges Post Road, Edison, New Jersey 08837, and is a "person" as defined by 47 U.S.C. § 153(39).

5. Does 1-10 (the "Agents") are individual agents employed by HWA and whose identities are currently unknown to the Plaintiff. One or more of the Agents may be joined as parties once their identities are disclosed through discovery.

6. HWA at all times acted by and through one or more of the Agents.

## FACTS

7. Within the last year, HWA began placing calls to Plaintiff's cellular telephone, number 920-xxx-0618, in an attempt to solicit their services.

8. HWA placed calls to Plaintiff's cellular telephone using an automatic telephone dialing system ("ATDS").

9. When Plaintiff answered calls from HWA, she heard silence and had to wait on the line to be connected to the next available representative.

10. In or around October 26, 2017, Plaintiff spoke with a live representative and requested that all calls to her cease.

11. Nevertheless, HWA continued to place automated calls to Plaintiff.

## COUNT I

## VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT – 47 U.S.C. § 227, *et seq.*

12. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

13. At all times mentioned herein and within the last year, Defendants called Plaintiff on her cellular telephone using an ATDS or predictive dialer.

14. In expanding on the prohibitions of the TCPA, the Federal Communications Commission (FCC) defines a Predictive Dialer as "a dialing system that automatically dials

2

consumers' telephone numbers in a manner that "predicts" the time when a consumer will answer the phone and a [representative] will be available to take the call…"*2003 TCPA Order*, 18 FCC 36 Rcd 14022. The FCC explains that if a representative is not "free to take a call that has been placed by a predictive dialer, the consumer answers the phone only to hear 'dead air' or a dial tone, causing frustration." *Id*. In addition, the TCPA places prohibitions on companies that "abandon" calls by setting "the predictive dialers to ring for a very short period of time before disconnecting the call; in such cases, the predictive dialer does not record the call as having been abandoned." *Id*.

15. Defendants' telephone systems have some earmarks of a Predictive Dialer.

16. When Plaintiff answered the phone, she was met with a period of silence before Defendants' telephone system would connect her to the next available representative.

17. Defendants' Predictive Dialers have the capacity to store or produce telephone numbers to be called, using a random or sequential number generator.

18. Defendants contacted Plaintiff by means of automatic telephone calls to her cellular telephone knowing that it lacked consent to call her number in light of her revoking her consent. As such, each call placed to Plaintiff was made in knowing and/or willful violation of the TCPA, and subject to treble damages pursuant to 47 U.S.C. § 227(b)(3)(C).

19. The telephone number called by Defendants was assigned to a serviced cellular telephone for which Plaintiff incurs charges for incoming calls pursuant to 47 U.S.C. § 227(b)(1).

20. Plaintiff was annoyed, harassed and inconvenienced by Defendants' continued calls.

21. The calls from Defendants to Plaintiff were not placed for "emergency purposes" as defined by 47 U.S.C. § 227(b)(1)(A)(i).

22. Plaintiff is entitled to an award of $500.00 in statutory damages for each call in violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(B).

23. Plaintiff is entitled to an award of treble damages in an amount up to $1,500.00 pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

## PRAYER FOR RELIEF

**WHEREFORE**, the Plaintiff prays that judgment be entered against the Defendants:

1. Statutory damages of $500.00 for each violation determined to be negligent pursuant to 47 U.S.C. § 227(b)(3)(B);

2. Treble damages for each violation determined to be willful and/or knowing pursuant to 47 U.S.C. § 227(b)(3)(C); and

3. Such other and further relief as may be just and proper.

## TRIAL BY JURY DEMANDED ON ALL COUNTS

Dated: February 12, 2018

Respectfully submitted,

By /s/ Amy L. Cueller

Amy L. Cueller, Esq. #15052-49
LEMBERG LAW, L.L.C.
43 Danbury Road, 3rd Floor
Wilton, CT 06897
Telephone: (203) 653-2250
Facsimile: (203) 653-3424
E-Mail: acueller@lemberglaw.com
Attorneys for Plaintiff